### SERVICE OF SUMMONS IN DIVORCE CASES.

Court of Common Pleas of Summit County.

WILLIAM N. SEARCH v. EDITH J. SEARCH.

Decided, June, 1908.

*Divorce—Service of Summons in Actions for—Publication—Sections 5045, 5692 and 5693.*

In an action for divorce, where the defendant is a resident of this state, a copy of the petition must be served upon him with the summons; if he is not a resident of this state, and service is sought by publication, a summons and a copy of the petition must be sent to him in addition to the copy of the publication; but if the residence of the defendant is unknown to the plaintiff, and can not with reasonable dilligence be ascertained, and these facts are made to appear to the court by affidavit or otherwise, notice of the pendency of the action may be given by publication as in other cases, and the sending of a copy of the petition and summons to the defendant may be dispensed with.

DOYLE, J.

This is an action for divorce. Defendant at the time the action was commenced was not a resident of the state of Ohio, but her residence was known. Service by publication was made as in other cases, and a copy of the publication mailed to defendant. No summons and no copy of the petition was mailed or sent to the defendant as required by Section 5693, Revised Statutes. The service by publication was therefore defective because a summons and a copy of the petition was not forthwith, on the filing of the petition, deposited in the post office, directed to the defendant at her place of residence.

The statute providing for constructive service upon a defendant in a divorce case (Section 5693) reads as follows:

"When the defendant is not a resident of this state, or his residence is unknown, notice of the pendency of the action must be given by publication, as in other cases."

If this were all that was required for service of this kind in divorce cases, and the plaintiff followed the provisions of Section 5045 and sections following, which provide for construc-

tive service in other cases, the court would have jurisdiction over defendant and could proceed to hear and determine the case. But Section 5693 contains further provisions. The remainder of the section reads:

"And unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained, a summons, and a copy of the petition shall forthwith, on the filing of the petition, be deposited in the post office, directed to the defendant at his place of residence."

This means that in addition to sending a copy of the publication as required by Section 5045, in divorce cases, there shall also be sent to the defendant a summons and a copy of the petition forthwith on filing the petition.

This is in harmony with Section 5692 providing for service by summons upon a defendant resident of this state, where it requires that such summons, "together with a copy of the petition, shall be served," etc.

The rules governing the kind of notice to be sent defendant in divorce cases are in brief as follows:

1. When the defendant is a resident of this state, a *copy of the petition* shall be served on him *with the summons.* Section 5692, Revised Statutes.

2. When the defendant is not a resident of this state, and service is sought by publication, a *summons* and a *copy of the petition* shall be sent him in addition to the copy of the publication. Section 5693 and Section 5045.

3. When the residence of the defendant is unknown to the plaintiff, and can not with reasonable diligence be ascertained, and these facts are made to appear to the court by affidavit or otherwise, then notice of the pendency of the action can be given by publication as in other cases, and only in such instance can plaintiff dispense with the sending of a copy of the petition and a summons.

The service in this case is therefore set aside and cause is continued for proper notice to the defendant of the pendency of the action. *Harter* v. *Harter,* 5 Ohio, 318.